UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO LUA,<br><br>        Plaintiff,<br><br>    v.<br><br>O. SMITH, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-00019-LJO-MJS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

**I.      PROCEDURAL HISTORY**

Plaintiff Hugo Lua, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2014. (ECF No. 1.) His complaint is now before the Court for screening.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. **SUMMARY OF COMPLAINT**

The Complaint identifies the following officials at Kern Valley State Prison (KVSP) as Defendants: (1) H. Haro, Correctional Counselor II; (2) R. Sherrill, Correctional Counselor I; (3) A. Haddock, LCSW Mental Health; and (4) O. Smith, Facility C Captain and Unit Classification Committee Chairperson.

Plaintiff alleges the following:

On July 18, 2013, Plaintiff transferred into KVSP from Pelican Bay State Prison. A Unit Classification Committee (UCC) hearing was convened on July 31, 2013 to determine Plaintiff's placement within KVSP. Plaintiff addressed the Defendants, each a committee member, and stated that he had contracted Valley Fever in 2005 at Pleasant Valley State Prison, that there is a chance the disease could be "reactivated" and threaten Plaintiff's health if he were to remain in an area where Valley Fever is endemic, and that KVSP is located within the endemic zone. Plaintiff requested a transfer to a prison outside the endemic zone. (Compl. at 4.) The Defendants reviewed Plaintiff's file and explained that Plaintiff was categorized a low medical risk and not restricted from prisons where Valley Fever is most prevalent. (Id. at 4 and 16.)

Plaintiff's health was stable when he first arrived at KVSP but it quickly deteriorated. On September 5, 2013 lab results revealed a high level of Valley Fever in Plaintiff's system. He was transferred to an outside hospital where it was determined that Valley Fever had disseminated beyond his lungs. Plaintiff was treated intravenously for a week at the hospital followed by six weeks of further treatment at a hospital within Corcoran State Prison. Plaintiff now suffers nightly chills and sweats and will require oral medication for the rest of his life. (Id. at 5.)

///

IV. **ANALYSIS**

A. **Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

B. **Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth

Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

The Courts of this district have repeatedly found that confinement in a location where Valley Fever[1] is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm.  See, e.g., Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Thus, Plaintiff cannot state an Eighth Amendment claim based solely upon mere exposure to, or contraction of, Valley Fever.  There are some circumstances however where exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim.  Smith v. Schwarzenegger, 393 F. App'x. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim

---

[1] Valley Fever, also known as coccidioidomycosis, is "'an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.'"  Plata v. Brown, 2013 WL 3200587, *2 (N.D. Cal. June 24, 2013).

based on Valley Fever exposure). Courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection. See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race); see also Plata v. Brown, 2013 WL 3200587, *7 n. 10, *14 (N.D. Cal. June 24, 2013) (finding that the following groups are at an increased risk of harm from Valley Fever infection and should therefore be excluded from Pleasant Valley State Prison and Avenal State Prison: inmates designated as medically high-risk; "'[p]atients with impaired cellular immunity, such as those with solid organ transplants, those with HIV infection, and those with chronic obstructive pulmonary disease, chronic renal failure, congestive heart failure, diabetes; patients receiving TNF inhibitors (medications used in the treatment of arthritis); Filipino and African-American men; and pregnant women in the 2nd or 3rd trimester.'").

In this case Plaintiff alleges that he was at an increased risk of harm from Valley Fever because he was previously diagnosed with the disease. Plaintiff asserts that his transfer from Pelican Bay State Prison to KVSP, where Valley Fever is endemic, created a risk that his condition would reactivate and spread beyond his lungs. The Defendants explained at the UCC hearing that Plaintiff was medically low risk and could safely be housed in the Valley Fever area. Shortly after being forced to remain at KVSP, Plaintiff's health deteriorated and tests revealed disseminated Valley Fever.

The facts alleged in the Complaint do not support the conclusion that Plaintiff's earlier diagnosis left him more vulnerable to the disease. A handout titled "Basic Information about Valley Fever", produced by the Prison Law Office and attached to the Complaint, states that most people who contract Valley Fever gain a life-long immunity

to further infection. (Compl. at 11.) Nothing in the Complaint other than Plaintiff's conjecture and the worsening of his symptoms after his arrival at KVSP supports the contrary conclusion. In <u>Plata v. Brown</u> the Ninth Circuit came to the conclusion that inmates who had previously been diagnosed with Valley Fever were not at an increased risk of harm. 2013 WL 3200587, *14 ("'Individuals with a prior history of cocci are immune to subsequent infection,' Expert Report at 2, so any such individuals need not be transferred or excluded from the affected institutions."). Inmates who had previously been diagnosed with Valley Fever were exempted from the <u>Plata</u> order. <u>Id.</u>

Accordingly, the court feels compelled to conclude that the Complaint does not identify a substantial risk of harm to Plaintiff's health from the re-exposure to Valley Fever spores. Accordingly, it fails to state a claim. Plaintiff will be granted leave to amend. To state a claim Plaintiff must clearly allege the basis for his conclusions that his previous exposure to Valley Fever created an increased risk of harm from re-exposure and that Defendants knowingly disregarded that risk, and he must reconcile those conclusions with the findings in <u>Plata</u>. Plaintiff's theory must be supported by something more than his lay opinion or mere conjecture.

## V.   **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th

Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed January 6, 2014;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: March 30, 2014           /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28