UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO LUA,<br><br>              Plaintiff,<br><br>       v.<br><br>O. SMITH, et al.,<br><br>              Defendants. | CASE NO. 1:14-cv-00019-LJO-MJS<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 11)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Hugo Lua, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2014. (ECF No. 1.) On March 31, 2014, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 7.) Plaintiff's First Amended Complaint (ECF No. 11) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

The First Amended Complaint identifies the following officials at Kern Valley State Prison (KVSP) as Defendants: (1) O. Smith, Facility Captain and Institutional Classification Committee Chairperson; (2) H. Haro, Correctional Counselor II; (3) A. Haddock, Licensed Clinical Social Worker; (4) R. Sherrill, Correctional Counselor I; and (5) D. Davey, Chief Deputy Warden.

Plaintiff alleges the following:

On July 18, 2013, Plaintiff transferred into KVSP, a facility within a geographic area where Valley Fever[1] is endemic.  An Institutional Classification Committee (ICC) hearing was convened on July 31, 2013.  Plaintiff told the committee, Defendants Smith, Haro, Haddock, and Sherrill, that he had contracted Valley Fever in 2005 and his symptoms were currently under control.  (Compl. at 4.)  Plaintiff requested that he be transferred to a facility outside the endemic zone because, while most people who

---

[1] Valley Fever, also known as coccidioidomycosis, is "'an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.'" Plata v. Brown, 2013 WL 3200587, *2 (N.D. Cal. June 24, 2013).

2

contract Valley Fever develop immunity, the disease can be reactivated and individuals with weakened immune systems can be reinfected. (Id. at 4, 5, and 9.)

At this time Plaintiff was treating back pain with Ibuprofen, a drug "known to damage a person's liver." Plaintiff's liver and immune system also had been damaged by Hepatitis-C. (Id. at 6.) This information was in Plaintiff's medical file and available to the Defendants. Nevertheless, the Defendants denied Plaintiff's request for transfer on the grounds he did not meet established criteria for exclusion from facilities where Valley Fever is prevalent. (Id. at 5.)

Plaintiff appealed the committee's decision and was denied at the second level by Defendant Davey. Shortly thereafter Plaintiff's health deteriorated. On September 5, 2013, Plaintiff was seen by a nurse and eventually transferred to an outside hospital. Plaintiff's Valley Fever had spread to his abdominal area and required twelve weeks of intravenous treatment. Plaintiff must now take oral antifungal medication for the rest of his life to prevent further dissemination of the fungus. (Id. at 5, 6.)

**IV.    ANALYSIS**

**A.    Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

3

violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

The courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g., Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Under those cases, a plaintiff seeking to state an Eighth Amendment conditions of confinement claim based on exposure to Valley Fever had to identify a factor that increased the risk of harm above the base line risk experienced by every individual incarcerated and working where the disease was prevalent. See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

However, Beagle v. Schwarzenegger, 2014 U.S. Dist. LEXIS 107548 (E.D. Cal. July 25, 2014) recently rejected that approach and held:

> Plaintiffs need not demonstrate that they are at a higher risk of contracting Valley Fever or a more severe form of the disease to state an Eighth Amendment claim. Whether some groups are more susceptible to the disease than others in some way is not dispositive at the pleading stage for Eighth Amendment purposes. Although one group may be at more risk than another, they both may be at a constitutionally unacceptable level of risk. Plaintiffs here are all at risk of contracting Valley Fever. The Court finds that Plaintiffs need not, as a matter of law, identify a factor responsible for either increasing the risk of contraction or the severity of infection to state an Eighth Amendment claim.

Beagle, 2014 U.S. Dist. LEXIS 107548 at *33-34.  Unpublished Ninth Circuit opinions support Beagle. See Smith v. Schwarzenegger, 393 F. App'x. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure); Johnson v. Pleasant Valley State Prison, 505 Fed. App'x 631 (9th Cir. 2013) ("[D]ismissal of [the plaintiff's] action was improper at [the pleading] stage because [the plaintiff] alleged that prison officials were aware that inmates' exposure to valley fever posed a significant threat to inmate safety yet failed to take reasonable measures to avoid that threat."); and Samuels v. Ahlin, 2014 WL 4100684 (9th Cir. 2014).

Given the principals established by the more recent cases described above, Plaintiff no longer needs to allege particularly susceptibility to Valley Fever; mere exposure is sufficient to state a claim.  However, Plaintiff must still plausibly allege that Defendants exhibited deliberate indifference with regard to his confinement at a locale posing a risk of infection.  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In this case Plaintiff alleges that the Defendants denied his requests to be transferred from KVSP to a facility where Valley Fever is not as endemic as it is at KVSP. Plaintiff says his medical records revealed, and he advised Defendants, that his immune system had been compromised by medication and from his earlier case of Hepatitis-C. He advised them that individuals, like him, with weakened immune systems were susceptible to Valley Fever reinfection.

Plaintiff alleges that because his immune system is compromised, he does not enjoy the same immunity from Valley Fever as do others with prior exposure. It appears that Plaintiff's risk of exposure to Valley Fever then is about the same as other inmates with healthy immune systems who have not previously contracted the disease. He is not more susceptible than the average prisoner. This matters not to this Court because it is of the view that Valley Fever poses a sufficiently serious threat of harm to satisfy the first element of an Eighth Amendment conditions of confinement claim notwithstanding the absence of particular susceptibility.

However, Plaintiff still must show that Defendants acted unreasonably in denying his request for transfer. A defendant with knowledge of the risk must act reasonably. See Johnson, 505 Fed. App'x 631 (plaintiff had stated a claim because he "alleged that prison officials were aware that inmates' exposure to valley fever posed a significant threat to inmate safety *yet failed to take reasonable measures to avoid that threat*.") (emphasis added).

Plaintiff has not demonstrated that the failure to honor his request for transfer was unreasonable under the circumstances. Even assuming that he is more susceptible to Valley Fever, there is no indication that the Defendants knowingly disregarded the risk of harm to him. Defendants observed CDCR's criteria with regard to transferring inmates based on Valley Fever risk. The fact Defendants followed prison guidelines does not free them of responsibility for a constitutional wrong, but nothing in the amended complaint suggests that the Defendants knew the guidelines were deficient generally or with regard to Plaintiff. Defendants' applied the criteria before them to the information provided by Plaintiff and determined that he need not be transferred. There is nothing before the Court to show that Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference, yet did not take steps to protect against that harm.

The Court will grant Plaintiff one final opportunity to amend. To state a claim, Plaintiff must allege facts explaining why the Defendants' refusal to accommodate Plaintiff's concerns and transfer him exhibited deliberate indifference to his valid medical needs.

## V. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff

must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed August 15, 2014;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

9

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: September 2, 2014      /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE