UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO LUA,<br><br>        Plaintiff,<br><br>    v.<br><br>O. SMITH, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-00019-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 15)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 6.)

Plaintiff's Complaint (ECF No. 1.) was dismissed for failure to state a claim, but he was given leave to amend (ECF No. 7.). Plaintiff's First Amended Complaint (ECF No. 11.) also was dismissed with leave to amend. (ECF No. 12.) Plaintiff's Second Amended Complaint is now before the Court for screening. (ECF No. 15.)

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. Facial plausibility demands more than the mere possibility

that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff identifies the following officials at Kern Valley State Prison (KVSP) as Defendants: (1) O. Smith, Facility Captain and Institutional Classification Committee ("ICC") Chairperson; (2) H. Haro, Correctional Counselor II; (3) A. Haddock, Licensed Clinical Social Worker – Mental Health; (4) R. Sherrill, Correctional Counselor I; (5) D. Davey, Chief Deputy Warden, and (6) M. Seaman, Correctional Counselor II.

Plaintiff's allegations can be summarized essentially as follows:

On July 18, 2013, Plaintiff transferred into KVSP, a facility within a geographic area where Valley Fever[1] is endemic. An ICC hearing was convened on July 31, 2013. Plaintiff informed the ICC that he had contracted Valley Fever in 2005 and his symptoms were currently under control. However, Plaintiff requested that he be transferred to a facility outside the endemic zone because he had a weakened immune system, was diagnosed with Hepatitis-C, and while most people who contract Valley Fever develop immunity, individuals with weakened immune systems can be re-infected.

Despite informing Defendants of his above concerns, they denied his request for transfer based on his security level and on grounds that he did not meet established criteria for exclusion from facilities where Valley Fever is prevalent.

While Plaintiff was appealing this decision, his health deteriorated. On September 5, 2013, Plaintiff was seen by a nurse and eventually transferred to an outside hospital. Plaintiff's Valley Fever had spread to his abdominal area, and he must now take oral antifungal medication for the rest of his life to prevent further dissemination of the fungus.

---

[1] Valley Fever, also known as coccidioidomycosis, is "'an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.'" *Plata v. Brown*, 2013 WL 3200587, *2 (N.D. Cal. June 24, 2013).

3

Defendants Davey and Seaman denied Plaintiff's appeal and refused to transfer him despite knowing that he had been infected with Valley Fever again.

Plaintiff sues Defendants in their individual and official capacities and seeks damages and injunctive relief for Defendants' violation of his Eighth Amendment rights.

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B.     Official Capacity

Plaintiff sues Defendants in their individual and official capacities. Plaintiff may not bring suit for monetary damages against Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).

Plaintiff also seeks an injunction preventing his future transfer to any prison within the Valley Fever area. As is further discussed below, Plaintiff has not stated a claim for relief and is therefore not entitled to injunctive relief. Accordingly, his official capacity claim likewise fails.

### C.     Eighth Amendment

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

The courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, *i.e.* that the condition poses an excessive risk of harm. *See*, *e.g., Smith v. Yates*, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (*citing King v. Avenal State Prison*, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to

contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); *See also Gilbert v. Yates*, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); *Willis v. Yates*, 2009 WL 3486674, *3 (E.D. Cal. Oct. 22, 2009).

Under those cases, a plaintiff seeking to state an Eighth Amendment conditions of confinement claim based on exposure to Valley Fever had to identify a factor that increased the risk of harm above the base line risk experienced by every individual incarcerated and working where the disease was prevalent. *See, e.g., Stevens v. Yates*, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); *Owens v. Trimble*, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); *Whitney v. Walker*, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); *Thurston v. Schwarzenegger*, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

However, *Beagle v. Schwarzenegger*, 2014 U.S. Dist. LEXIS 107548, at *33-34 (E.D. Cal. July 25, 2014) recently rejected that approach and held:

> Plaintiffs need not demonstrate that they are at a higher risk of contracting Valley Fever or a more severe form of the disease to state an Eighth Amendment claim. Whether some groups are more susceptible to the disease than others in some way is not dispositive at the pleading stage for Eighth Amendment purposes. Although one group may be at more risk than another, they both may be at a constitutionally unacceptable level of risk. Plaintiffs here are all at risk of contracting Valley Fever. The Court finds that Plaintiffs need not, as a matter of law, identify a factor responsible for either increasing the risk of contraction or the severity of infection to state an Eighth Amendment claim.

Unpublished Ninth Circuit opinions support *Beagle*. *See Smith v. Schwarzenegger*, 393 F. Appx. 518, 519 (9th Cir. 2010) (*citing Helling*, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure); *Johnson v. Pleasant Valley State Prison*, 505 Fed. Appx. 631, 632 (9th Cir. 2013) ("[D]ismissal of [the plaintiff's] action was improper at [the pleading] stage because [the plaintiff] alleged that prison officials were aware that inmates' exposure to valley

6

fever posed a significant threat to inmate safety yet failed to take reasonable measures to avoid that threat."); *Samuels v. Ahlin*, 2014 WL 4100684 (9th Cir. 2014).

Given the principals established by the more recent cases described above, Plaintiff no longer needs to allege particularly susceptibility to Valley Fever; mere exposure is sufficient to state a claim. However, Plaintiff must still plausibly allege that Defendants exhibited deliberate indifference with regard to his confinement at a locale posing a risk of infection. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

Plaintiff has not demonstrated that the initial failure to honor his request for transfer was unreasonable under the circumstances or how failure to transfer him after he had contracted Valley Fever again caused him harm. Plaintiff was previously advised that in order to state a claim, he must allege facts explaining why the Defendants' refusal to accommodate his concerns and transfer him exhibited deliberate indifference to his valid medical needs. Plaintiff fails to allege any new facts in his Second Amended Complaint to demonstrate deliberate indifference. Plaintiff was advised of this deficiency in his claim in the Court's prior screening order. (ECF No. 12.) His failure to correct it is reasonably construed as reflecting an inability to do so. Leave to amend the claim would be futile and is denied.

7

### D. Appeals Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, prisoners have no stand-alone due process rights related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance or denying a grievance does not constitute a due process violation. *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

To the extent that Plaintiff wishes to state a claim against Defendants Davey and Seaman for denial of his appeal, no such rights exist relative to the administrative grievance process. Therefore, leave to amend would be futile and is denied.

### E. Injunctive Relief

Plaintiff seeks to enjoin Defendants from transferring him to a prison in the Valley fever area. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

Plaintiff has failed to show that he is likely to succeed on the merits or that the balance of equities tips in his favor since he has failed to state a cognizable claim against Defendants.

## V.     CONCLUSION AND RECOMMENDATION

Plaintiff's Second Amended Complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 7, 2015                              /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE

9